CATHERINE A. WEBB, by her next friend and Husband, ALBERT L. WEBB *vs.* THE MUTUAL FIRE INSURANCE COMPANY OF BALTIMORE COUNTY.

*Fire Insurance Policy—Default in payment of Interest on Premium note—Suspension of Policy—Notice.*

By an Act of the Legislature, incorporating a Mutual Fire Insurance Company, power was conferred upon the company to pass by-laws excluding any member failing to pay the interest on his premium note according to the constitution and by-laws, from all benefit of insurance. HELD:

That the adoption of a by-law prescribing the form of the policy to be issued,—the policy itself containing a stipulation in regard to the default of its members, and the suspension of their policies,— was an express exercise of the power conferred on the company by its charter.

A policy was issued to and accepted by W., which followed the by-law and contained the stipulation, that upon the failure to pay the interest on or before the first day of March in any year, the policy would be suspended, and no longer binding until payment was made. HELD:

1st. That the company was not liable under the policy for a loss by fire occurring while the assured was in default for non-payment of the interest on her premium note.

2nd. That it was no excuse for the non-payment, that notice as to the payment of the interest had not been given, there being no obligation imposed on the company by its charter or by-laws to give such notice.

3rd. That although it might have been the custom to give such notice, the failure to do so did not relieve the assured from the obligation to pay the interest according to the terms of the policy.

The policy provided that the defaulting member, notwithstanding the suspension of the insurance, should remain liable for losses; and this provision was authorized by the charter. HELD:

That there was no reason why the insured, accepting the policy with such a provision in it, should not be bound by it.

APPEAL from the Circuit Court for Baltimore County.

This was an action at law on a policy of fire insurance, brought by the appellant against the appellee. The case is sufficiently stated in the opinion of the Court.

The cause was argued before MILLER, ROBINSON, STONE, IRVING, and BRYAN, J.

*Julian I. Alexander,* and *I. Nevett Steele,* for the appellant.

*D. G. McIntosh,* and *Arthur W. Machen,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

By section 11, of the Act of 1849, ch. 213, incorporating the appellee, power was conferred on the company to pass by-laws excluding any member failing to pay the interest

on his premium note according to the constitution and by-laws from all benefit of insurance; and providing also that such member should be liable to contribution for losses during the time of his default.

In pursuance of this power, Article 11, of the by-laws, prescribed the form of the policy to be issued, and the policy itself contains a stipulation, that in default of the payment in advance of the annual interest on all the premium notes on or before the first day of March, in each and every year, the policy of such defaulting member shall be suspended, and not considered binding on the company until the payment of said interest be made, but that such member shall remain bound for any contribution that may in the meantime be assessed for losses.

The adoption of a by-law prescribing the form of the policy, containing a stipulation in regard to the default of its members and the suspension of their policies, was an express exercise of the power conferred on the company by the 11th section of its charter.

The policy issued in this case and accepted by the appellant followed the by-law; and contained the stipulation, that upon the failure to pay the interest, on or before the 1st day of March in any year, the policy would be suspended, and no longer binding until payment made. It is the contract between the parties, and by it their rights and liabilities are to be determined. The appellant on her part agreed to pay the interest on her premium note on or before the 1st of March in each and every year, and the appellee in consideration thereof agreed to indemnify her against loss by fire. And it was mutually agreed upon the failure to pay the interest at the time prescribed, the policy should be suspended and no longer binding on the company. All this is declared in plain and explicit terms. Now it is admitted, the interest due from the appellant on the 1st of March, 1879, was not paid on or before that day, nor had any payment

been made down to the occurrence of the fire in November, in the same year, a period of more than eight months. If then, the terms of the policy mean anything, it is clear the appellant was in default, and if so, the policy was suspended and no longer binding on the company. To hold otherwise, would be to disregard the plain and unambiguous terms of the policy, and defeat the very object for which the company was chartered. An agreement between the insurer and the insured, that upon default in the payment of the annual premium within a time prescribed, the policy shall be suspended and no longer binding, cannot be construed to mean that the policy is to remain in force notwithstanding such default. If then, the liability of the appellee is to be determined by the policy itself, it is clear, this action cannot be maintained.

But then it was argued, that the appellant was not in default by reason of the failure on the part of the appellee to give the customary notice as to the payment of the annual interest. Not that there was any obligation imposed on the company by its charter or by-laws to give such notice, but there was a custom, it was said, to do so. This question was considered and decided in *The Mutual Fire Ins. Co. of Cecil County vs. Miller Lodge, I. O. O. F.,* 58 *Md.* 463.

In that case as in this, the policy was issued by a Mutual Insurance Company, and in that case as in this, there was a default on the part of the insured to pay the interest on the premium note within the time prescribed by the policy—and in fact it remained unpaid as in this case at the time of the loss. There was proof to show a custom on the part of the company to send notices to members of the day of payment on the premium notes, but the Court held, that as this duty was not imposed by the charter or by-laws, the failure to send such notice, did not excuse the insured from the consequences of failure to pay at the time desig-

nated in the policy—that he was bound to know at his peril when the premium was due and payable. In support of this view, the Court refer to *Thompson vs. Insurance Co.*, 104 *U. S.*, 252, in which Justice BRADLEY says, "the reason why the insurance company gives notice to its members of the time of payment of premiums, is to aid their memory and to stimulate them to prompt payment. The company is under no obligation to give such notice, and assumes no responsibility by giving it. The duty of the assured to pay at the day is the same whether notice be given or not."

The case of *Phœnix Ins. Co. vs. Doster*, 106 *U. S.* 30, was decided altogether on different principles. There the suit was brought on a life policy issued on the half-note plan, the insured paying one-half of the premium in cash, and giving his note for the other half. Under this plan, the dividends due the insured from the earnings of the company, were applied in the discharge *pro tanto* of the annual premiums. It was in proof, that prior to the maturity of the premiums, the company was in the habit of sending notices to the insured, showing when the premium was due, the amount of cash to be paid, the interest on the notes, and the amount for which an additional note under that plan was required. In view of these facts, the Court said: "Now, although the policy issued upon Riddle's life required payment annually of a specific sum as a premium, that stipulation must be construed in connection with the agreement set out in the application, that the premium might be discharged *pro tanto* by such dividends as were allowed to the insured from time to time. Whether the company, in any particular year, declared dividends, and what amount was available in reduction of the premium, were facts known, in the first instance, only to the company which had full control of the matter of dividends." Under such a policy as this, the Court held that it was the duty of the company to give

notice to the insured of the amount of dividends to which he was entitled, in order that he might know how much money was required to keep alive the policy. In delivering the opinion of the Court, Mr. Justice HARLAN was careful to distinguish it from *Thompson's Case,* in 104 *U. S.*, 252.

We have nothing to do in this case, with that part of the policy which declares that the defaulting member shall, notwithstanding the suspension of the insurance, remain liable for losses. That provision was expressly authorized by the charter, and the appellant accepted the policy with that stipulation in it. If she saw proper to make a contract to that effect, we see no reason why she should not be bound by it. But that question although fully argued, is not necessary to the decision of this case.

Being of opinion that the appellant is not entitled to recover, in any aspect in which this case may be viewed, the judgment must be affirmed.

*Judgment affirmed.*

(Decided 10th March, 1885.)